IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CR-345-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| HILLARY CHEYENNE CARVER, | ) | |
| Defendant. | ) | |

This matter is before the court on government's appeal (DE 18) of the magistrate judge's pretrial release order filed December 27, 2017 (DE 16). This decision subsequently was stayed upon the government's request, pending consideration by this court of the instant motion seeking the court to revoke the decision to release defendant pending trial. For reasons set forth below, defendant is ordered DETAINED.

BACKGROUND

Defendant was indicted by a federal grand jury on November 16, 2017, for one count of Hobbs Act Robbery, in violation of 18 U.S.C. § 1951 and one count of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). She appeared before the Hon. Robert T. Numbers, II, United States Magistrate Judge, for hearing December 27, 2017, on the government's motion for pretrial detention. The magistrate judge denied the motion, entering an order setting a combination of release conditions, including that the defendant be released to the custody of her father, James Mark Carver, and placed on home detention supported by electronic monitoring. This decision subsequently was stayed upon the government's request, pending this court's review.

At hearing January 23, 2018, the court received testimony from Special Agent Jarrett Wishon ("Wishon"), with the Bureau of Alcohol, Tobacco, Firearms, and Explosives. The court has benefit of the transcript of that proceeding before the magistrate judge, and the pretrial services report wherein detention is recommended. The court announced its decision to detain at hearing and stated that the instant order would follow memorializing the court's reasons.

COURT'S DISCUSSION

Pursuant to 18 U.S.C. § 3145(a), if a person is ordered released by a magistrate judge, the attorney for the government may file with the district court a motion for revocation of the order. 18 U.S.C. § 3145(a). The district court should conduct a de novo review of the decision by the magistrate judge. United States v. Clark, 865 F.2d 1433, 1437 (4th Cir. 1989); United States v. Williams, 753 F.2d 329, 333 (4th Cir. 1985); United States v. Ramey, 602 F. Supp. 821, 822-24 (E.D.N.C. 1985). In doing so, the court makes an independent determination as to whether the magistrate judge's findings are correct based on the court's review of the evidence before the magistrate judge. See Williams, 753 F.2d at 333-34. As done in this instance, the court may conduct a further evidentiary hearing if it is necessary or desirable in carrying out the review. See id., at 333; see also United States v. Koenig, 912 F.2d 1190, 1192 (9th Cir. 1990) (district court has discretion on whether to conduct a further evidentiary hearing); United States v. Delker, 757 F.2d 1390, 1393-94 (3rd Cir. 1985); United States v. Fortna, 769 F.2d 243, 249-50 (5th Cir. 1985) (same).

Upon thorough review of the government's motion for pretrial detention and motion to appeal order of the conditions of release, the magistrate judge's order of release, the matters of record in this case including transcript of the earlier hearing, and having received additional

2

testimony and heard the arguments of the parties, the court finds the decision to deny the motion for pretrial detention and release defendant was in error. For the reasons set forth below, it is ordered that defendant be detained pending disposition of the case.

Because there is probable cause to believe that defendant committed an offense subject to a maximum term of imprisonment of 10 years or more under 21 U.S.C. § 801 et seq., defendant is subject by operation of law to the presumption, which may be rebutted by the defendant, that she is a risk of flight and a danger to the community, and that no condition or combination of conditions can be fashioned to assure her appearance and that she will not be a danger. 18 U.S.C. § 3142(e)(3). In determining whether there are conditions of release, pursuant to § 3142(c), that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community, the court must take into account the available information concerning:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including –
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release . . . .
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). Rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing. 18 U.S.C. § 3142(f).

In a pretrial detention hearing, the government's burden is to establish by clear and convincing evidence that no conditions of release will reasonably assure the safety of the community. United States v. Salerno, 481 U.S. 739, 751 (1987) (requiring "clear and convincing

evidence that an arrestee presents an identified and articulable threat to an individual or community" to justify pretrial detention.). To consider whether any conditions of release will reasonably assure a defendant's attendance at trial, the government need only prove that there are no such conditions by a "preponderance of the evidence." United States v. Stewart, 19 F. App'x 46, 47 (4th Cir. 2001) (citing United States v. Hazime, 762 F.2d 34, 37 (6th Cir. 1985)).

The government contends that defendant poses a significant risk of flight, and that no conditions of release will reasonably assure her attendance at trial. It relies upon the testimony of Wishon, who has personally investigated defendant and has otherwise reviewed the case against defendant.

Ms. Carver's contacts with the criminal justice system, while minimal, evidence abundantly her disregard for law enforcement, and this is a substantial factor in the court's determination. Through Wishon, the government showed that within days of the alleged instant offense, an offense where defendant is charged with robbing a store with a loaded weapon, defendant was pulled over by an officer conducting a traffic stop after the officer received notice from a concerned citizen of erratic driving. The officer recovered from defendant's vehicle five grams of marijuana, approximately ten pharmaceutical pills, almost two grams of crack cocain, and a high-point rifle with a round in the chamber and a round in the magazine. During the traffic stop, defendant's demeanor was hostile, kicking the officer's car, spitting at the divider in the officer's patrol vehicle, and spitting on the glass at the jail.

Following the traffic stop, defendant put forth effort to secret herself, disassociating herself from her family, which further underscores her risk of flight. Wishon testified that defendant cut off all contact with friends and family members, deactivated her social media accounts, and

4

deactivated or turned off her phone. During this period which lasted roughly three to four weeks, family members thought defendant to be dead and one family member filed a missing persons police report. Testimony elicited from Wishon also indicated that during defendant's roughly two month period in state custody for the traffic stop offense following her roughly month long "disappearance," defendant stated multiple times during phone conversations that she wished she had not turned herself in and she discussed details of the instant offense multiple times as well.

Defendant's history and characteristics show someone willing to flee, to avoid arrest, with means to do so, at least for a fairly significant period of time as shown by her conduct while charged with a state crime. Additionally, at the time that federal agents were attempting to serve defendant with a federal arrest warrant regarding the instant offense, agents spent over a week covertly and overtly trying to find defendant to no avail. Defendant eventually contacted Wishon, stating she wanted to resolve all issues over the phone, but hung up on Wishon when he informed her there would be a warrant for her arrest. Her demeanor when she was talking to special agent Wishon when he was trying to encourage her to surrender herself further underscores her lack of respect for the law. Defendant did turn herself in, and Wishon testified that after defendant was taken into federal custody, she admitted to the instant offense and of being in contact with certain individuals who are persons of interest in federal investigations.

The government presented roughly twenty exhibits taken from defendant's phone of pictures taken by defendant of herself pointing various guns, some of which have bullets in their chambers and holding up various amounts of cash, in addition to pictures of significant amounts of pharmaceuticals, other drugs, and drug paraphernalia.[1] Defendants ready access to guns and her

---

[1] This information was not available to the magistrate judge.

willingness to at least brandish them is shown by the evidence, as is defendant's drug use or abuse history.

Testimony from Wishon also shows this defendant's repeated association with those who have ongoing experience with the criminal justice system, including individuals who are persons of interest for a murder offense, armed robberies, and an additional shooting. Additionally, defendant has three pending arrest charges, which include charges for driving while license revoked (not impaired) and possession of drugs, belying an escalating criminal profile.

The court recognizes that defendant's father is a willing third-party custodian of defendant, but the court also recognizes that defendant's father works away from the residence from 4:00 p.m. to 12:30 a.m. five days a week, during which time defendant would be unsupervised. Generally, defendant's family ties are of limited usefulness to defendant in that testimony was elicited that certain members of her family seem intent on shielding her from law enforcement by not returning law enforcement's telephone calls, not telling officers defendant's location, and in the case of her grandmother, defendant's employer, informing officers that if she did know where defendant was, she would not inform them. Her employment history is of limited help in that defendant, as noted, is employed by her grandmother.

For the above reasons, the court is convinced no conditions of release can reasonably assure the safety of the community. The court is convinced for these reasons, too, that defendant's release poses a danger to others. Salerno, 481 U.S. at 751.

## CONCLUSION

Based on the foregoing, the order of the magistrate judge denying the government's motion for pretrial detention and setting conditions of release was in error. The government's motion (DE 18) to revoke the release order is hereby GRANTED. IT IS ORDERED that defendant remain in the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 26th day of January, 2018.

LOUISE W. FLANAGAN
United States District Judge