IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CR-345-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) AMENDED ORDER |
| HILLARY CHEYENNE CARVER, | ) |
| | ) |
| Defendant. | ) |

On its own initiative, the court hereby AMENDS and CORRECTS its November 13, 2019, order to correct an error in the spelling of defendant's name in the caption of the order. All other terms and conditions of the court's November 13, 2019, order remain in effect as set forth again herein. This matter is before the court on defendant's motion to defer financial responsibility payments (DE 64). The government has not responded. In this posture, the issues raised are ripe for decision.

## BACKGROUND

Defendant was convicted and sentenced on November 8, 2018, for the offenses of Hobbs Act Robbery, and brandishing a firearm in furtherance of a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 1951(a), 924(c), and 2. The court sentenced defendant to total term of 102 months' imprisonment and five years' supervised release. The court also ordered payment of $200.00 special assessment, $3,500 fine, and restitution in the amount of $1,299.98.

After sentencing, defendant appealed, and appeal was stayed pending a decision in United

States v. Davis, __ S.Ct. ___, No. 18-431, 2019 WL 98544 (cert. granted Jan. 4, 2019). The operative amended judgment, entered November 28, 2018, ordered defendant to pay the same restitution amount set forth above on the following schedule:

> Payment of restitution shall be due and payable in full immediately. However, if the defendant is unable to pay in full immediately, the special assessment and restitution may be paid through the Inmate Financial Responsibility Program (IFRP). The court orders that the defendant pay a minimum payment of $25 per quarter through the IFRP, if available. The court, having considered the defendant's financial resources and ability to pay, orders that any balance still owed at the time of release shall be paid in installments of $50 per month to begin 60 days after the defendant's release from prison. At the time of the defendant's release, the probation officer shall take into consideration the defendant's ability to pay the restitution ordered and shall notify the court of any needed modification of the payment schedule.

(DE 60 at 8).

Defendant filed the instant motion on October 29, 2019, seeking deferment of her Inmate Financial Responsibility Program ("IFRP") payment schedule. Defendant asserts that her current payment is $115.00 per month, which she cannot afford to pay where she only earns about $17.00 per month. Defendant asserts that her nonpayment status is negatively impacting her participation and classification in prison programs and incentives. Defendant seeks an order relieving her of payment of her fine and deferment of her IFRP payments until she is relocated to a facility that provides a Unicore work program or until her release.

## DISCUSSION

"A sentence that imposes an order of restitution is a final judgment" which may not be modified absent application of an enumerated statutory exception. 18 U.S.C. § 3664(o); United States v. Grant, 715 F.3d 552, 557 (4th Cir. 2013). Under § 3664(o), one such exception is that a sentence that imposes an order of restitution "can subsequently be . . . adjusted under section 3664(k)." Section 3664(k) provides as follows:

2

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3664(k).

Although the Fourth Circuit has not addressed application of § 3664(k) in the context of challenges to payment schedules set by the IFRP, other courts have determined that § 3664(k) does not provide the court with authority to modify such payments. In particular, in a case directly on point, the Fifth Circuit reasoned:

> [Defendant's] request to suspend his payments must . . . be brought under [28 U.S.C.] § 2241. Were he challenging a court-ordered repayment schedule (such as the $100 a month he must pay during supervised release), suit could be brought under § 3664(k). Likewise, were he paying part of the restitution on his own schedule because of the court's requirement that repayment be immediate, he could seek relief under § 3664(k). Here, however, he is . . . disputing payments under the IFRP, requesting that payments be suspended under that program; such a matter must be brought under § 2241. He voluntarily signed a contract under the IFRP, and any effort to change the terms of that contract must be made through § 2241 after all administrative remedies have been exhausted. . . . <u>Prisoners cannot use § 3664(k) as a vehicle for a court not in the district of incarceration to modify or suspend [IFRP] payments</u>.

United States v. Diggs, 578 F.3d 318, 319-20 (5th Cir. 2009) (emphasis added). Consistent with Diggs, the Fourth Circuit has held that "an inmate's challenge to the BOP's administration of the IFRP relates to the 'execution' of a sentence and is properly brought under § 2241." Fontanez v. O'Brien, 807 F.3d 84, 87 (4th Cir. 2015).

Diggs and Fontanez require that defendant pursue her challenge to her IFRP payment schedule by filing a § 2241 petition in her district of confinement after exhausting her administrative

3

remedies. The court's judgment directs payments through the IFRP, at a minimum payment of $25 per quarter, in lieu of paying restitution immediately. The court lacks authority to amend the criminal judgment to suspend the payment schedule. See § 3664(k) (providing the court may only modify a "payment schedule" previously-imposed in the operative criminal judgment upon changed circumstances); Diggs, 578 F.3d at 319-320 (voluntary participation in IFRP is not a payment schedule set by the court that can be modified pursuant to § 3664(k)).

Defendant, in effect, seeks to have the court order BOP to execute her sentence differently, by modifying payments made through the IFRP. As set forth above, such a claim challenging the execution of a fine or restitution order properly is construed as a petition for habeas corpus relief under 28 U.S.C. § 2241. See Fontanez, 807 F.3d at 87; Diggs, 578 F.3d at 319-320.

A federal prisoner challenging the execution of her sentence must exhaust administrative remedies before seeking review in federal court pursuant to § 2241. See Timms v. Johns, 627 F.3d 525, 530-31 (4th Cir. 2010); McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (per curiam). Failure to exhaust may be excused only upon a showing of cause and prejudice. McClung, 90 F. App'x at 445. Defendant does not state whether she exhausted administrative remedies before filing the instant motion and she has not asserted any cause and prejudice for her failure to exhaust administrative remedies. Accordingly, before filing a § 2241 petition, defendant must complete BOP's four-step administrative remedy procedure. See 28 C.F.R. §§ 542.12-.15

In the event defendant cannot obtain modification of her payment schedule through BOP's administrative remedy program, she may file § 2241 petition challenging that decision "in the district in which [she] is currently confined." In re Jones, 226 F.3d 328, 332 (4th Cir. 2000) (emphasis added).

4

## CONCLUSION

Based on the foregoing, the court DENIES defendant's motion t to modify payment schedule (DE 64) without prejudice to filing a § 2241 petition in her district of confinement, after exhaustion of administrative remedies.

SO ORDERED, this the 19th day of November, 2019.

LOUISE W. FLANAGAN
United States District Judge