IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CR-345-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| HILLARY CHEYENNE CARVER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's pro se motion to modify sentence, (DE 70). The government did not respond to the motion.

On April 12, 2018, defendant pleaded guilty to one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (count one), and brandishing a firearm in furtherance of a crime of violence and aiding and abetting same, in violation of 18 U.S.C. §§ 924(c) and 2 (count two). On November 8, 2018, the court sentenced defendant to 18 months' imprisonment on count one and 84 months' imprisonment on count two, and ordered the sentences to run consecutively. Defendant noticed appeal of her judgment of conviction. On November 21, 2019, the United States Court of Appeals for the Fourth Circuit affirmed the judgment, rejecting defendant's argument that Hobbs Act robbery does not qualify as a crime of violence under § 924(c).

On February 27, 2020, defendant, proceeding pro se, filed the instant motion to modify sentence. The motion requests that the court modify defendant's judgment to run her sentences on counts one and two concurrently because the law governing 18 U.S.C. § 924(c) convictions allegedly "changed" after the court sentenced her.

Where the motion attacks the validity or correctness of defendant's judgment of conviction and sentence, the court hereby provides defendant with notice, pursuant to Castro v. United States,

540 U.S. 375 (2003), that it intends to recharacterize the instant motion as an attempt to file a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. Pursuant to Castro, the court warns defendant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive motions." 540 U.S. at 383. In addition, the court provides defendant with an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims she believes she has. Id. The court also notifies defendant of the § 2255 one year period of limitations, and the four dates in § 2255 to be used in determining the starting date for the limitations period. See 28 U.S.C. § 2255(f).

The court hereby permits defendant to file a response to the court's proposed recharacterization within **21 days** from the date of this order. The court advises defendant that if, within the time set by the court, she agrees to have the motion recharacterized or does not respond in opposition to the recharacterization, the court shall consider the motion as one under § 2255 and shall consider it filed as of the date the original motion was filed. If, however, defendant responds within the time set by the court but does not agree to have the motion recharacterized, the court will not treat it as a § 2255 motion and will dispose of the motion in accordance with the applicable procedural and jurisdictional rules of law governing criminal case matters.

SO ORDERED, this the 15th day of April, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge